[652 NYS2d 43]

In the Matter of BARRY SILBER, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH
JUDICIAL DISTRICTS, Petitioner.

Second Department, December 2, 1996

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel),
for petitioner.

*Barry Silber,* Manalapan, New Jersey, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of New Jersey dated June 9,

1995, the respondent was disbarred from the practice of law in the State of New Jersey, based upon his consent. The respondent's consent form contains his acknowledgment that it was freely and voluntarily tendered with an awareness of its implications, that he was not subjected to coercion or duress by anyone, and that he was not under any disability or impaired by any substance. The respondent averred that he could not successfully defend himself against the pending New Jersey charges involving the knowing misuse of client funds and that he was consenting to the disbarment with the full knowledge that it constitutes an absolute barrier to reinstatement to the New Jersey Bar.

On August 22, 1996, the Grievance Committee served the respondent by mailing to his New Jersey address a notice of motion pursuant to 22 NYCRR 691.3, informing him of his right to interpose certain enumerated defenses to the imposition of discipline in New York. The respondent has neither asserted the defenses enumerated in 22 NYCRR 691.3 (c) nor demanded a hearing.

Under the circumstances of this case, the respondent is disbarred.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and RITTER, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Barry Silber, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Barry Silber, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.